IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN SAGE,

    Plaintiff,                     No. CIV S-04-2015 DFL KJM P

    vs.

STEVE KRUSE,

    Defendant.                  <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee in effect at the time of filing of his action, $150.00. 28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $1.31 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3   § 1915(b)(2).

4   The court is required to screen complaints brought by prisoners seeking relief
5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9   U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  /////

1    The court finds the allegations in plaintiff's complaint fail to state a claim upon which relief can be granted.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts in which defendant engaged that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint, if he can do so while complying with the mandate of Federal Rule of Civil Procedure 11.

    Plaintiff appears to allege denial of access to the mail and of his right to vote, based on defendant's refusal to process or recognize his name change.  Plaintiff further appears to allege that he changed his name based on his "common law right" to do so, "without resort to judicial process or other intervention by the state."  While an inmate has a First Amendment right to use a religious name that is different from his committed name, see <u>Malik v. Brown</u>, 71 F.3d 724 727-28 (9th Cir. 1995), plaintiff here gives no indication that his changed name is a religious name.  At the same time, an inmate "cannot compel a prison to reorganize its filing system to reflect [his] new name."  <u>Id</u>. at 727.  Moreover, in states that allow inmates to change names legally, prisons generally must recognize only "legally changed names."  <u>Id</u>.

    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional rights, taking into account the precedent noted above, and all other applicable law.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, any amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Plaintiff's request for leave to proceed in forma pauperis is granted.

      2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.31. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

      3. Plaintiff's complaint is dismissed.

      4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

/////
/////
/////
/////
/////
/////

4

1  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
2  an original and two copies of the amended complaint; failure to file an amended complaint in
3  accordance with this order will result in a recommendation that this action be dismissed.
4  DATED: May 17, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1
sage2015.14